UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-220-F

| PAUL COLLINS YONGO, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | O R D E R |
|  | ) |  |
| UNITED STATES ARMY, | ) |  |
| HON. ROBERT GATES,. | ) |  |
| DEPARTMENT OF DEFENSE, and | ) |  |
| DEFENSE FINANCIAL & | ) |  |
| ACCOUNTING SERVICES, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

This matter is before the court on Defendants' Motion to Dismiss [DE-19] and Plaintiff's Motion for Entry of Default [DE-22] and Motion to Strike [DE-24].

**PROCEDURAL BACKGROUND**

On May 26, 2010, Paul Collins Yongo ("Yongo"), proceeding *pro se*, filed an Application to Proceed in District Court Without Prepaying Fees or Costs [DE-1]. Yongo attached a proposed Complaint [DE-1.1], a Petition for Mandatory Injunction [DE-1.2], and proposed Summonses [DE-1.3] to the application. The caption of the proposed Complaint[1] lists the following Defendants: "Department of the Army," "Hon. Robert Gates," "Department of the

---

[1] The form proposed complaint instructs the following: "(Enter above the full name of **ALL** Defendant[s] in this action. Fed. R. Civ. P. 10(a) requires that the caption of the complaint include the names of **all** the parties. Merely listing one party and "et al." is insufficient. Please attach additional sheets if necessary)." Proposed Comp. [DE-1.1] at p.1.

Army," "Department of Defense," and "Defense Accounting & Financial Services."[2]  In the body of the proposed Complaint, Plaintiff lists the following Defendants:

(1) John McHugh, Secretary of the Army
101 Army Pentagon, Washington, D.C. 20310
(2) Department of the Treasury, Financial Management Service
P.O. Box 1686 Birmingham, AL 35201-1686
(3) J. Horne,
Defense Finance and Accounting Service, Indianapolis Center
8899 E. 56th Street, Indianapolis, Indiana, 46249
(4) Department of Defense Pentagon, Washington, DC
(5) United States of America

Proposed Compl. [DE-1.1] at p. 2.

On November 8, 2010, United States Magistrate Judge James E. Gates, after reviewing the Application [DE-1] and the proposed Complaint [DE-1.1], allowed Yongo's Application and found that the case was not frivolous. *See* November 8, 2010, Order [DE-3] at p. 1. Judge Gates did not address the Petition for Mandatory Injunction [DE-1.2] attached to the application, and the Clerk of Court did not docket it separately in the case. Judge Gates did direct Yongo to provide proper summonses, and directed the United States Marshal to thereafter serve the summonses and a copy of the Complaint on Defendants.

Thereafter, Yongo provided proposed summonses addressed to the following: (1) J. Horne, Defense Accounting & Financial Services; (2) John McHugh, Secretary of the Army, (3) Hon. Robert Gates, Department of Defense, and (4) Hon. Timothy Geithner, Department of Treasury. The record reveals that the Marshal served or attempted service using these summonses, and also served then-United States Attorney George Holding with a later-issued summons.

---

[2] "Sec. John McHough [sic]" also appears in the caption, but with a strikeline through it.

On May 2, 2011, Assistant United States Attorney Seth M. Wood filed a Motion to Dismiss [DE-19] on behalf of "Defendants." Mr. Wood did not file a Notice of Appearance as required by Local Civil Rule 5.2. It is not clear from the Motion to Dismiss or the supporting memorandum [DE-20] which of the defendants Mr. Wood represents.

Two days later, Yongo filed a Motion for Entry of Default [DE-22], contending that Hon. John McHugh, J. Horne, and the Hon. Timothy Geithner failed to respond to the Complaint. On May 25, 2011, Yongo filed a Motion to Strike Defendants' Answers and Pleadings Pursuant to Rule 12(f) [DE-24].

## MOTION TO DISMISS

In the memorandum in support of the Motion to Dismiss, "Defendants"[3] argue, *inter alia*, that the court lacks jurisdiction over the action because Yongo failed to plead or invoke a valid waiver of sovereign immunity. Defendants also argue that Yongo failed to state a claim over which the court has jurisdiction. In making these arguments, Defendants only reference Yongo's Complaint, and do not mention the Petition for Mandatory Injunction.[4]

The court, however, mindful of Yongo's pro se status, believes that allegations in Yongo's Complaint [DE-4] must be construed in conjunction with the Petition for Mandatory Injunction [DE-1.2] wherein he, *inter alia*, challenges his conviction on possible constitutional grounds. Because Defendants' Motion to Dismiss does not address the supplementation of

---

[3] The court is not certain which defendants are responsible for the motion to dismiss.

[4] This is, perhaps, understandable. The Petition for Mandatory Injunction was not docketed separately after Judge Gates allowed the Application to Proceed without Prepayment of Fees, and it is unclear from the record whether Defendants were served with a copy of the Petition.

3

allegations in the Petition for Mandatory Injunction, and in particular, whether court has subject matter jurisdiction over this action in light of the allegations in the Petition, *see Allen v. United States Air Force*, 603 F.3d 423, 429-30 (8th Cir. 2010)(finding that the court had jurisdiction under 28 U.S.C. § 1331 to review a collateral challenge to a court-martial conviction), the motion is DENIED without prejudice. Defendants may file their answer, or another motion to dismiss–which addresses the allegations in both the Complaint and the Petition for Mandatory Injunction–within twenty-one (21) days of the filing date of this order.

## MOTION TO STRIKE

Yongo's Motion to Strike [DE-24] is DENIED. There is no basis to strike the Defendants' filings in this case.

## MOTION FOR ENTRY OF DEFAULT

Because the record is not clear as to which of the Defendants have joined in the Motion to Dismiss, the court cannot rule on Yongo's Motion for Entry of Default. The Assistant United States Attorney is ORDERED to file a Notice of Appearance within seven (7) days of the filing date of this order which states which defendant(s) he represents in this action. The Clerk of Court is DIRECTED to resubmit Yongo's Motion for Entry of Default upon the filing of the Notice of Appearance.

## CONCLUSION

The Motion to Dismiss [DE-19] is DENIED without prejudice. Defendants may file their answer, or another motion to dismiss– which addresses the allegations in both the Complaint and the Petition for Mandatory Injunction–within twenty-one (21) days of the filing date of this order.

4

The Clerk of Court is DIRECTED to docket the Petition for Mandatory Injunction [DE-1.2] as an exhibit to the Complaint [DE-4].

The Motion to Strike [DE-24] is DENIED.

The Assistant United States Attorney is ORDERED to file a Notice of Appearance within seven (7) days of the filing date of this order. The Notice of Appearance SHALL state which defendant(s) he represents in this action. The Clerk of Court is DIRECTED to resubmit Yongo's Motion for Entry of Default upon the filing of the Notice of Appearance.

SO ORDERED.

This the 7 day of February, 2012.

James C. Fox
Senior United States District Judge

5