UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-220- F

| | | |
|---|---|---|
| PAUL COLLINS YONGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES ARMY, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the *pro se* Plaintiff's Motion for Entry of Default [DE-22].

## PROCEDURAL HISTORY

On May 26, 2010, Paul Collins Yongo ("Yongo"), proceeding *pro se*, filed an Application to Proceed in District Court Without Prepaying Fees or Costs [DE-1]. Yongo attached a proposed Complaint [DE-1.1], a Petition for Mandatory Injunction [DE-1.2], and proposed Summonses [DE-1.3] to the application. The caption of the proposed Complaint[1] listed the following Defendants: "Department of the Army," "Hon. Robert Gates," "Department of the Army," "Department of Defense," and "Defense Accounting & Financial Services."[2] In the body of the proposed Complaint, Plaintiff listed the following Defendants:

---

[1] The form proposed complaint instructs the following: "(Enter above the full name of **ALL** Defendant[s] in this action. Fed. R. Civ. P. 10(a) requires that the caption of the complaint include the names of **all** the parties. Merely listing one party and "et al." is insufficient. Please attach additional sheets if necessary)." Proposed Comp. [DE-1.1] at p.1.

[2] "Sec. John McHough [sic]" also appears in the caption, but with a strikeline through it.

(1) John McHugh, Secretary of the Army
101 Army Pentagon, Washington, D.C. 20310
(2) Department of the Treasury, Financial Management Service
P.O. Box 1686 Birmingham, AL 35201-1686
(3) J. Horne,
Defense Finance and Accounting Service, Indianapolis Center
8899 E. 56th Street, Indianapolis, Indiana, 46249
(4) Department of Defense Pentagon, Washington, DC
(5) United States of America

Proposed Compl. [DE-1.1] at p. 2.

On November 8, 2010, United States Magistrate Judge James E. Gates, after reviewing the Application [DE-1] and the proposed Complaint [DE-1.1], allowed Yongo's Application and found that the case was not frivolous. *See* November 8, 2010, Order [DE-3] at p. 1. Judge Gates did not address the Petition for Mandatory Injunction [DE-1.2] attached to the application, and the Clerk of Court did not docket it separately in the case. Judge Gates did direct Yongo to provide proper summonses, and directed the United States Marshal to thereafter serve the summonses and a copy of the Complaint on Defendants.

Thereafter, Yongo provided proposed summonses addressed to the following: (1) J. Horne, Defense Accounting & Financial Services; (2) John McHugh, Secretary of the Army, (3) Hon. Robert Gates, Department of Defense, and (4) Hon. Timothy Geithner, Department of Treasury. The record reveals that the Marshal served or attempted service using these summonses, and also served then-United States Attorney George Holding with a later-issued summons.

On May 2, 2011, Assistant United States Attorney Seth M. Wood filed a Motion to Dismiss [DE-19] on behalf of "Defendants." Mr. Wood did not file a Notice of Appearance as

2

required by Local Civil Rule 5.2. It was not clear from the Motion to Dismiss or the supporting memorandum [DE-20] which of the defendants Mr. Wood represents.

Two days later, Yongo filed a Motion for Entry of Default [DE-22], contending that Hon. John McHugh, J. Horne, and the Hon. Timothy Geithner failed to respond to the Complaint.

In an order filed on February 8, 2012 [DE-31], the court denied the Motion to Dismiss without prejudice. Because the record was unclear as to which Defendants had joined in the Motion to Dismiss, the court concluded it could not rule on Plaintiff's Motion for Entry of Default. Accordingly, the court ordered the Assistant United States Attorney to file a Notice of Appearance stating which defendant(s) he represents in this action.

The Assistant United States Attorney filed a Notice of Appearance [DE-32], stating that he was making an appearance on behalf of the United States Army; the Hon. Robert Gates, in his official capacity as the United States Secretary of Defense; the Department of Defense; and Defense Financial and Accounting Services. He also stated that to the extent the court construes the Complaint as naming the following individuals or entities as Defendants, he also was noticing his appearance on their behalf: Hon. John McHugh, in his official capacity of Secretary of the Army; Department of the Treasury, Financial Management Service; the Hon. Timothy Geithner, in his official capacity as Secretary of the United States Department of the Treasury; the United States; and J. Horne, in his official capacity as a military pay technician. The Assistant United States Attorney also filed an Opposition to Plaintiff's Motion for Default [DE-33], on all the Defendants' behalf. Thereafter, Plaintiff filed a Reply [DE-38]. Plaintiff's Motion for Entry of Default is now ripe.

## ANALYSIS

Generally, Rule 10(a) of the Federal Rules of Civil Procedure provides that the title of a complaint must name all the parties to an action. "But in a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are." *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243-44 (10th Cir. 2007)(finding that a "proper reading" of a pro se plaintiff's complaint indentifed the Clerk of the United States Supreme Court as the defendant despite the caption only listing "United States Government" as a defendant).

Here, a reading of the entire Complaint leads the court to conclude that Plaintiff intended to name John McHugh, Secretary of the Army, Department of the Treasury, Financial Management Service; J. Horne; the Department of Defense; and the United States as Defendants in this action. The Clerk of Court is therefore DIRECTED to update the docket to reflect that the following are now defendants in this case, and are represented by Assistant United States Attorney Seth Morgan Wood:

(1) the Hon. John McHugh, in his official capacity as Secretary of the Army;

(2) Department of the Treasury, Financial Management Service;

(3) J. Horne, in his official capacity as a military pay technician;

(4) Department of Defense; and

(5) the United States.

Nevertheless, Plaintiff's Motion for Entry of Default [DE-22] is DENIED. Both John McHugh and J. Horne are deemed to have appeared in this action, making default inappropriate. The court does not construe the Complaint as naming the Hon. Timothy Geithner as a defendant.

## CONCLUSION

Plaintiff's Motion for Entry of Default [DE-22] is DENIED.

The Clerk of Court is DIRECTED to update the docket in this action to reflect that the following are defendants in this action and are being represented by Assistant United States Attorney Seth Morgan Wood:

1) the Hon. John McHugh, in his official capacity as Secretary of the Army;

(2) Department of the Treasury, Financial Management Service;

(3) J. Horne, in his official capacity as a military pay technician;

(4) Department of Defense; and

(5) the United States.

The Clerk of Court is further DIRECTED to continue the management of this case.

SO ORDERED.

This the 8th day of March, 2012.

*James C. Fox*
James C. Fox
Senior United States District Judge