UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-220-F

| | |
|---|---|
| PAUL COLLINS YONGO, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | MEMORANDUM AND ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

Now before the court is the renewed Motion to Dismiss [DE-35] filed by Defendants the United States Army, the Honorable Robert Gates in his official capacity as United States Secretary of Defense, the Department of Defense, the Defense Financial and Accounting Services, the Honorable John McHugh in his official capacity as Secretary of the Army, the Department of the Treasury, Financial Management Services, the Honorable Timothy Geithner in his official capacity as Secretary of the United States Department of the Treasury, the United States of America, and J. Horne in his official capacity as a military pay technician (collectively, "Defendants"), in which they seek dismissal of pro se Plaintiff Paul Yongo's Complaint [DE-4].[1] Defendants filed a memorandum in support of their motion [DE-36] and Plaintiff filed a response [DE-42]. Defendants did not file a reply memorandum, although counsel did file a Supplement to Pleadings [DE-41], in which he clarifies that all pleadings filed on behalf of the defense are intended to represent the positions of all Defendants the court has identified in this action. The matter is now ready for disposition. For the

---

[1] In the Order dated February 8, 2012 [DE-31], the court stated that, given Plaintiff's pro se status, the allegations in the Complaint will be construed in conjunction with the Petition for Mandatory Injunction [DE-1-3]. Although not docketed as a motion, the Petition for Mandatory Injunction will be denied for the same reasons the court allows the Motion to Dismiss.

reasons stated below, the Motion to Dismiss will be ALLOWED, and the Complaint will be DISMISSED.[2]

## I. PROCEDURAL HISTORY

On May 26, 2010, Plaintiff, proceeding pro se, initiated this action by filing an Application to Proceed in District Court Without Prepaying Fees or Costs [DE-1] accompanied by a proposed complaint [DE-1-2] and a Petition for Mandatory Injunction [DE-1-3]. The defendants named by Plaintiff differed between the caption of the proposed complaint, the body of the proposed complaint, and the proposed summonses.

On November 8, 2010, United States Magistrate Judge James E. Gates, after reviewing the Application and the proposed complaint, allowed Plaintiff's Application and found that the case was not frivolous. [*See* DE-3 at 1.] The proposed complaint was thereafter docketed as the Complaint. Judge Gates did not address the Petition for Mandatory Injunction attached to the application, and the Clerk of Court did not docket it separately in the case. Judge Gates ordered Plaintiff to provide proper summonses, and further directed the United States Marshal to serve the summonses and a copy of the Complaint on the defendants.

On May 2, 2011, Assistant United States Attorney Seth M. Wood filed the defense's first motion to dismiss [DE-19] on behalf of the defendants. However, it was unclear from the record which of the defendants Mr. Wood represented. Two days later, Plaintiff filed a Motion for Entry of Default [DE-22], contending that the Hon. John McHugh, J. Horne, and the Hon. Timothy

---

[2] Although not docketed as a motion, also pending before the court is Plaintiff's Request for Court's Ruling and Determination on Pending Motions, In Particular, Motion Petition for Mandatory Injunction against DOD. [DE-44.] As the court herein rules on all matters pending in this case, this motion will be denied as moot.

Geithner failed to respond to the Complaint.

Because the memorandum in support of the first motion to dismiss did not address the allegations in Plaintiff's Petition for Mandatory Injunction, the court denied the motion without prejudice. [DE-31.] Additionally, because the record was unclear as to which of the defendants joined in the first motion to dismiss, the court concluded it could not rule on Plaintiff's Motion for Entry of Default. Accordingly, the court ordered the Assistant United States Attorney to file a Notice of Appearance stating which defendant(s) he represents in this action.

The Assistant United States Attorney thereafter filed a Notice of Appearance [DE-32], stating that he was making an appearance on behalf of the United States Army; the Hon. Robert Gates, in his official capacity as the United States Secretary of Defense; the Department of Defense; and the Defense Financial and Accounting Services. He also stated that, to the extent the court construes the Complaint as naming the following individuals or entities as defendants, he also was noticing his appearance on their behalf: Hon. John McHugh, in his official capacity of Secretary of the Army; Department of the Treasury, Financial Management Service; the Hon. Timothy Geithner, in his official capacity as Secretary of the United States Department of the Treasury; the United States; and J. Horne, in his official capacity as a military pay technician. After receiving further briefing from the parties, the court denied Plaintiff's Motion for Entry of Default. [*See* DE-40.]

On February 29, 2012, the Assistant United States Attorney filed a renewed Motion to Dismiss (the defense motion currently pending before the court) and a brief in support of that motion. Through the Supplement to Pleadings, filed thereafter, counsel clarified that the motion was filed on behalf of all Defendants. Plaintiff filed his response on March 16, 2012.

Upon review of the Complaint and Petition for Mandatory Injunction, the court finds that

3

such pleadings assert claims based on the circumstances of Plaintiff's detainment prior to and the punishment that resulted from a court martial conviction, as well as seek collateral review of the court martial conviction itself. Plaintiff contends that: (1) he was wrongfully detained by the Army in violation of the Fourth Amendment; (2) he was wrongfully denied his right to a speedy trial; (3) he was wrongfully convicted because the Army lacked jurisdiction; (4) he was wrongfully issued a punitive bad conduct discharge; (5) he was wrongfully denied a discharge under medical conditions; and (6) he is now having his payments from the United States wrongfully garnished. Plaintiff seeks the following relief: (1) an order directing the Army and the Department of Defense to correct his discharge certificate and to grant him an administrative medical discharge; (2) an injunction blocking the Department of Treasury and Defense Finance Accounting Services from garnishing payments made to him by the federal government; (3) an order directing the Department of Defense to preserve his medical benefits and to preserve his military pension and retirement benefits; (4) an order overturning his conviction; (5) monetary relief for the alleged violation of his constitutional rights; and (6) punitive damages in an amount over $75,000.00. [*See* DE-4; DE-1-3.]

Defendants, in seeking dismissal of the action, assert several grounds for dismissal. First, Defendants argue that, although the United States, governmental agencies, and government employees in their official capacities are named as defendants, the pleadings fail to assert a waiver of sovereign immunity. Because of this, Defendants argue that, for all but the collateral attack of the court martial conviction, the court lacks jurisdiction in this matter. Defendants also argue that, with regard to the collateral attack of his court martial conviction, Plaintiff fails to state a claim because his claims were fairly considered in the court martial proceeding and subsequent appeals, and that

such consideration forecloses the instant collateral challenge.[3] [*See* DE-36.]

Plaintiff generally responds to Defendants' motion, arguing that the "issues raised on the complaint are sufficiently stated," that he "believes that there is are [sic] genuine issues of material facts which warrants [sic] trial," and that Defendants' arguments are moot because the Complaint survived frivolity review and Defendants' prior motion to dismiss was denied without prejudice. [DE-42 at 1-2.] Plaintiff also argues that this court has jurisdiction and that a waiver of sovereign immunity is not required in this case because the Complaint asserts constitutional violations. [*Id.* at 2-3.] Plaintiff further argues that he has exhausted his administrative remedies through the Army Board for Correction of Military Records and has a right to pursue his action in this court. [*Id.* at 3.] Finally, Plaintiff argues that the *Feres* doctrine does not apply because "most of plaintiff's damages have long occurred after his service in the military," and that "Plaintiff's action is basically covered under the *Bivens* cause of action because the damages caused to the petitioner are those which for which [sic] injunctive and declaratory relief is being sought by under [sic] the constitutional protection under [sic] 4th amendment."[4] [*Id.* at 4.]

---

[3] Defendants also argue that judgment should be granted in their favor if the court decides to convert the Motion to Dismiss to one seeking summary judgment. Plaintiff responds to this argument. However, because the court herein finds that the claims asserted in the pleadings either lack jurisdiction or fail to state a claim upon which relief can be granted, the court declines to address these alternative arguments.

[4] The Federal Tort Claims Act is an example of a limited waiver of sovereign immunity. However, in *Feres v. United States*, 340 U.S. 135 (1950), the Supreme Court barred tort claims against the United States brought by service members for injuries that occur incident to service. Although the *Feres* doctrine may have barred a Federal Tort Claim Act claim if such a claim had been asserted, the court sees no such claim in any of Plaintiff's pleadings. Therefore, further analysis of the *Feres* doctrine is not necessary.

In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court held that violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action for damages, "despite the absence of any federal statute creating liability." *Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). However, the Supreme Court later refused to extend *Bivens* liability to actions arising out of or in the course of activity incident to military service. *Id.* (citing *United States v. Stanley*, 483 U.S. 669 (1987)). Because Plaintiff's claims arise out of or are incident

## II. STANDARD OF REVIEW

Defendants file their Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. When considering the motion, the court is mindful that Plaintiff is proceeding pro se. "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted). Notwithstanding the court's obligation to construe liberally a pro se plaintiff's allegations, however, the court cannot ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.").

### A.   Rule 12(b)(1)

Because the existence of subject matter jurisdiction is a threshold issue, this court must address Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) before addressing the merits of the case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95-102 (1998); *accord Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). It is a fundamental rule that a court has "jurisdiction to determine [its] jurisdiction." *Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 27 (2d Cir. 2010). Subject matter jurisdiction is both a constitutional and statutory requirement which restricts federal judicial power to a limited set of cases and controversies. Thus, "no action of the parties can confer subject-matter jurisdiction upon

---

to his military service, his citation to *Bivens* does not provide an avenue for relief in this case and will not be further considered.

6

a federal court." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). A defendant may challenge subject matter jurisdiction pursuant to Rule 12(b)(1) facially or factually. *See Wollman v. Geren*, 603 F. Supp. 2d 879, 882 (E.D. Va. 2009). If the defendant presents a facial challenge by arguing the complaint fails to allege facts upon which subject matter jurisdiction can be based, all facts alleged in the complaint are presumed true. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Alternatively, if the defendant presents a factual challenge by arguing that jurisdictional facts alleged in the complaint are untrue, the court may consider extrinsic information beyond the complaint to determine whether subject matter jurisdiction exists. *See Kerns v. United States*, 585 F.3d 187, 192-93 (4th Cir. 2009). "[W]hen the jurisdictional facts and the facts central to a tort claim are inextricably intertwined, the trial court should ordinarily assume jurisdiction and proceed to the intertwined merits issues." *Id.* at 193 (citing *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009)). In both situations, the burden rests with the party seeking federal jurisdiction to prove that federal jurisdiction is proper. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

When a defendant challenges subject matter jurisdiction, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (citations omitted). A district court should grant a Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (citation omitted); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

### B.    Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6), meanwhile, is to test the legal

7

sufficiency of a complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson*, 551 U.S. at 94. However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citation omitted). A district court may allow a motion to dismiss based on a defendant's affirmative defense "if all facts necessary to the affirmative defense 'clearly appear [] on the face of the complaint.'" *Goodman v. Praxair, Inc.*, 494 F.3d 458, 463 (4th Cir. 2007) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

When addressing a motion to dismiss under Rule 12(b)(6), a court generally may not look outside the complaint unless it treats the motion to dismiss as a motion for summary judgment. *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396-97 (4th Cir. 2006). A court may, however, take judicial notice of matters in the public record without converting a motion to dismiss into one for summary judgment. *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Other courts have found it proper to take judicial notice of other courts' records, including the records of

military courts. *See, e.g., United States ex. rel. New v. Rumsfeld*, 350 F. Supp. 2d 80, 89 (D.D.C. 2004), *aff'd*, 448 F.3d 403 (D.C. Cir. 2006). This court also concludes that it may take judicial notice of military courts' records when considering Defendants' Motion to Dismiss.

### III. FACTS

Except as specifically noted, the following facts are alleged in the Complaint or Petition for Mandatory Injunction and are accepted as true for purposes of Defendants' motion. In 2002, Plaintiff was a service member with the United States Army stationed in Germany. On December 31, 2002, he traveled to North Carolina to be with his wife during his leave. Plaintiff knocked on the door, but when there was no answer he kicked through the door to gain access to the house. Plaintiff's wife yelled loudly and called the civilian police. Plaintiff was arrested and subsequently charged with assault. Plaintiff was transferred to military authorities, and he was detained at Ft. Bragg for 17 days. He was then transferred to his unit in Germany, where he was detained for 88 days. He was then tried and convicted by general court martial, and thereafter he received a bad conduct discharge.[5]

---

[5] For further context, the court notes the facts stated in the Supplement to Petition for Grant of Review filed by Plaintiff (then appellant) with the United States Court of Appeals for the Armed Forces:

> While [Plaintiff] was stationed in Germany waiting for approval of command sponsorship, he was granted leave to visit his wife in North Carolina during a block leave period in December 2002. However, before [Plaintiff] began his leave, his wife contacted the command and informed them that [Plaintiff] had threatened to hurt her when he returned home. First Lieutenant (1LT) Michael J. Prudhomme was [Plaintiff's] acting company commander during the block leave period . . . .
>
> On December 18, 2002, 1LT Prudhomme told [Plaintiff] that his leave had been revoked by the battalion commander. . . .
>
> 1LT Prudhomme also took [Plaintiff's] passport on December 20, 2002, but had it returned to him on December 26, 2002. . . . 1LT Prudhomme also made it clear that [Plaintiff's] leave remained revoked although the command was willing to return the passport to him.

9

Defendants have submitted the administrative record of the legal proceedings brought against Plaintiff, which are properly considered on a motion to dismiss as a record of a military court. These records indicate that on June 17, 2003, Plaintiff was convicted by a general court martial for being absent without leave, disobeying a direct order, and assault. That same day, he was sentenced to reduction to the rank of private, discharge from service with a bad conduct characterization, and confinement for 24 months. [DE-20-4 at 8.] His conviction was confirmed by the United States Army Court of Criminal Appeals ("ACCA") on August 18, 2006 [DE-36-2 at 2], and on July 18, 2007, the United States Court of Appeals for the Armed Forces ("CAAF") denied his petition for review [DE-36-1 at 1]. He was discharged from the Army with a bad conduct characterization on August 23, 2007. [DE-20-4 at 8.]

## IV. ANALYSIS

### A. The Court Lacks Jurisdiction for All of Plaintiff's Claims Except the Collateral Challenge to His Court Martial

The Supreme Court has stated that "the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Under this doctrine of sovereign immunity, "the United States is immune from private civil actions absent an express waiver." *Lutfi v. United States*, No. 11-1966, 2013 WL 1749526, at *4 (4th Cir. Apr. 24, 2013) (citation omitted). This sovereign immunity extends to governmental agencies and to government employees sued in their official capacities. *Fed. Deposit*

---

On December 31, 2002, [Plaintiff] left Germany and arrived in North Carolina. He was immediately arrested by the civilian police. He was released from civilian confinement on January 2, 2003. He reported to Fort Bragg, North Carolina, on January 6, 2003.

[DE-36-1 at 32-33 (internal citations omitted).]

10

*Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature." *Id.*; *see also J.C. Driskill, Inc. v. Abdnor*, 901 F.2d 383, 385 n.4 (4th Cir. 1990). Accordingly, if a plaintiff has not alleged or demonstrated that the government has waived sovereign immunity with regard to a claim asserted against it, that claim must be dismissed for lack of jurisdiction. *Abdnor*, 901 F.2d at 385.

Plaintiff alleges "federal question jurisdiction" as the jurisdictional basis for his claims.[6] [DE-4 at 2.] Title 28, United States Code Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although 28 U.S.C. § 1331 creates jurisdiction for federal questions, it does not operate as a blanket waiver of sovereign immunity. *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996) (explaining that 28 U.S.C. § 1331 is not a general waiver of sovereign immunity but "merely establishes a subject matter that is within the competence of federal courts to entertain").

Plaintiff in this case asserts claims, based on the circumstances of his detainment prior to and the punishment that resulted from a court martial conviction, against the United States as well as various governmental agencies and employees in their official capacities. Plaintiff brings such claims pursuant to 28 U.S.C. § 1331, which is insufficient to waive sovereign immunity. Plaintiff has not otherwise adequately alleged a waiver of sovereign immunity to maintain these claims.

---

[6] Although thoroughly addressed by Defendants, the court finds that no other statute, including the Federal Tort Claims Act, Title VII of the Civil Rights Act of 1964, or the Administrative Procedures Act, has been sufficiently alleged to serve as a basis for Plaintiff's claims in this case. Furthermore, to the extent Plaintiff seeks punitive damages, he has similarly failed to allege a sufficient statutory basis. *See Judkins v. Veterans Admin.*, 415 F. Supp. 2d 613, 616 (E.D.N.C. 2005) (stating that "the United States and its agencies cannot be held liable for punitive damages in the absence of express statutory authorization").

Accordingly, the court is without jurisdiction as to these claims, and the court will ALLOW Defendants' Motion to Dismiss in this regard.

### B. Plaintiff's Collateral Challenge to His Court Martial Fails to State a Claim Upon Which Relief May Be Granted

Plaintiff also asserts a collateral challenge to his court martial pursuant to 28 U.S.C. § 1331. Although it appears that the Fourth Circuit has not determined the issue, the court finds persuasive the at least two other circuit courts that have found that a plaintiff may bring a non-habeas collateral challenge to a court martial conviction under § 1331, despite the statute's lack of an explicit waiver of immunity. *Allen v. U.S. Air Force*, 603 F.3d 423, 430 (8th Cir. 2010) ("[I]t is clear that § 1331 provides us with subject matter jurisdiction to review [the plaintiff's] challenge to the court-martial proceedings . . . ."); *Rumsfeld*, 448 F.3d at 406 ("[T]he district court had subject-matter jurisdiction to hear [the plaintiff's] collateral attack under § 1331 . . . ."). When confronted with a non-habeas collateral attack on a court martial judgment brought pursuant to 28 U.S.C. § 1331, the court's "role in this review is to determine whether the military courts *fully and fairly considered*" a plaintiff's claims. *Allen*, 603 F.3d at 431 (emphasis added); *see also Rumsfeld*, 448 F.3d at 408 (stating that the "errors must be fundamental to void a court-martial judgment on collateral review" and "a military court's judgment clearly will not suffer such a defect if it satisfies" the fair consideration test set forth in *Burns v. Wilson*, 346 U.S. 137 (1953)). "An issue has been given full and fair consideration when it has been briefed and argued at the military court, even if that court summarily disposed of the issue." *Faison v. Belcher*, 496 F. App'x 890, 891 (10th Cir. 2012) (citations omitted). "It is the petitioner's burden to show that a military review was legally inadequate to resolve his claims." *Id.* (quotation omitted).

Case 5:10-cv-00220-F   Document 45   Filed 05/23/13   Page 12 of 14

As noted above, Plaintiff in this case alleges that he was wrongfully detained by the Army in violation of the Fourth Amendment; he was wrongfully denied his right to a speedy trial; he was wrongfully convicted because the Army lacked jurisdiction; and he received a wrongful punishment. However, Plaintiff has appealed the circumstances of his court martial to the ACCA and the CAAF. [*See* DE-36-2 at 14 (stating that its decision to affirm the findings of guilty and the sentence was in consideration "of the entire record, *including consideration of the issues personally specified by the appellant*" (emphasis added)); DE-36-1 at 1 ("On consideration of the petition for grant of review of the decision of the [UCCA], it is . . . ordered: That said petition be, and the same is hereby denied.")]. Therefore, it appears the issues now raised were fully and fairly considered in these appeals, and Plaintiff fails to show that the military review was legally inadequate to resolve his claims.

Nevertheless, even if the military courts did not give full and fair consideration to the issues now raised by Plaintiff, the court agrees with Defendants that such claims have no merit. The Uniform Code of Military Justice ("UCMJ") provided subject matter and personal jurisdiction for Plaintiff's court martial, all three crimes for which Plaintiff was convicted fall under the UCMJ, and the punishment imposed is within the punishment authorized by the UCMJ. Accordingly, the court finds that Plaintiff fails to state a claim upon which relief may be granted.

## V. CONCLUSION

For the above stated reasons, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss [DE-35] is ALLOWED, and the Complaint [DE-4] is DISMISSED;

2. Plaintiff's Petition for Mandatory Injunction [DE-1-3] is DENIED; and

13

3. Plaintiff's Request for Court's Ruling and, Determination on Pending Motions, In Particular, Plaintiff's Motion Petition for Mandatory Injunction against DOD [DE-44] is DENIED as moot.

SO ORDERED.

This the 23ʳᵈ day of May, 2013.

*James C. Fox*

JAMES C. FOX
Senior United States District Judge